**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BEVERLY MITCHELL,

     Plaintiff-Appellant,

v.

HAWPE CONSTRUCTION, INC.,

     Defendant-Appellee.

No. 00-8028
(D.C. No. 98-CV-315)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Beverly Mitchell appeals the district court's judgment in favor of her former employer, defendant Hawpe Construction, Inc., in this age

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

discrimination proceeding. Because the evidence at trial was sufficient to support the district court's factual finding, we affirm.

Plaintiff was employed by defendant as a painter's helper between August of 1994 and October of 1997, at which time she was laid off. Plaintiff was sixty-two years old when her employment terminated. Because plaintiff believed that she was laid off based on her age, she brought this action against defendant pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34. After a bench trial, the district court found the following facts.

Before working for defendant, plaintiff worked for Crimson Enterprises, assisting master painter Joe Diaz. Jack Freeman, defendant's Vice President of Operations, hired both Diaz and plaintiff to perform work at Warren Air Force Base. In the summer of 1997, Diaz suffered a work-related injury and was unable to continue working. Defendant hired a new master painter, Scott Finnell, and retained plaintiff to work as his assistant. Defendant also hired another painter's helper, Ed Mazur, who was approximately thirty years younger than plaintiff.

In September of 1997, defendant was in danger of losing its contract at Warren Air Force Base due to complaints about its performance. Defendant's owner, Marilyn Hawpe, ordered Jack Freeman to take necessary steps to retain the contract. In October 1997, Jack Freeman fired the current project manager and replaced him with Loren Finney, who had worked for defendant since 1989.

Freeman and Finney evaluated the crews, including the paint crew, and decided to reduce the paint crew as the work began to slow in October. They delegated the decision of which assistant would be laid off to Scott Finnell, subject to their approval. Finnell chose to lay off plaintiff and retain Ed Mazur because he could be trained as a spray painter. At that time, plaintiff was informed that she was being laid off due to a lack of work.

Two weeks later, Scott Finnell was terminated and replaced by a master painter who had worked many years for defendant on other projects. Several other employees were terminated at the same time. After taking these actions, defendant's productivity and profitability increased dramatically.

The district court concluded that plaintiff was terminated as part of defendant's legitimate business decision to restructure its operations, and that she did not show that her termination was motivated by age discrimination. Plaintiff appeals this decision, arguing that it is contrary to the evidence. Specifically, plaintiff argues that the district court's finding that Scott Finnell made the decision regarding which painter's helper should be laid off cannot stand in light of Finnell's testimony that he was informed when hired that part of his job would be to terminate the "old" paint crew; that Jack Freeman instructed him to terminate plaintiff and retain Ed Mazur; and that Freeman didn't want to do it himself because he was afraid of discrimination. She also points to affidavits

submitted by Jack Freeman and Loren Finney which she claims conflict with their later trial testimony that they delegated the decision of which assistant to terminate to Scott Finnell.

"In an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo." *Keys Youth Servs., Inc. v. City of Olathe*, 248 F.3d 1267, 1274 (10th Cir. 2001). A finding of fact is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotations omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. This deference is even greater when the factual finding rests on a determination regarding the credibility of a witness. That is, "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Id.* at 575.

Here, there was significant evidence that although Jack Freeman and Loren Finney made the decision that one of the assistant painters should be terminated, they gave Scott Finnell the choice regarding which assistant to retain, subject to

their approval. *See* R. Vol. I at 208-10 (plaintiff's testimony regarding letter she wrote two weeks after termination in which she reported Scott Finnell told her he had discretion as to which assistant would be laid off); Vol. II at 281, 283-84, 302, 319-24 (Jack Freeman's testimony that he and Loren Finney decided for economic reasons that a painter's helper should be laid off; that the decision which helper would be laid off was given to Scott Finnell because he, as the master painter, was ultimately responsible for getting the work accomplished; that Finnell chose to lay off plaintiff because the other helper was more flexible and Finnell wanted to train him to be a spray painter; and that Freeman approved the decision); Vol. II at 350-54, 371 (Loren Finney's testimony that he determined there was not enough work to justify a master painter and two helpers and that the painting crew had to be reduced; that Scott Finnell chose to lay off plaintiff and retain Ed Mazur because he was more trainable, and that Finney approved the decision to terminate plaintiff). There was also evidence that Scott Finnell had a motivation to lie because he was very angry when his employment was terminated in November 1997. *Id.* at 300.

The statements made by Jack Freeman and Loren Finney in their affidavits do not necessarily contradict this testimony. Jack Freeman's affidavit states that, as defendant's representative, he made the determination to lay off plaintiff because of a decline in the work requirements and for no other reason. *Id.* at 381.

This is not inconsistent with his trial testimony that he decided a painter's helper must be laid off for economic reasons, and that he approved Finnell's choice to terminate plaintiff. The same is true of Loren Finney's affidavit, which states that he personally took action to release the Warren Air Force Base painting crew because of the slowdown in seasonal work and the need to keep defendant's long-term painting crew (who replaced plaintiff and Finnell) employed. *See id.* at 384. Although plaintiff disagrees with the district court's decision to accept the testimony of Freeman and Finney, this credibility determination finds support in the record and will not be disturbed. *See* Fed. R. Civ. P. 52(a).

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge